UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK O'DONNELL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 15-12343-IT |
| v. ) | |
| ) | |
| TAYLA FOSCALDI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**TALWANI, D.J.**

This matter comes before the court on plaintiff's application to proceed in federal court without prepaying fees or costs. [#6-1] For the reasons stated below, action on that motion is deferred and plaintiff is directed to file a statement advising the court whether he indeed seeks to proceed in federal court, and if so why this action should not be dismissed for lack of subject matter jurisdiction.

**I.  Filing Fee**

A litigant filing a complaint in federal court must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis* ("IFP")).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the federal court filing fee, notwithstanding the grant of *in forma pauperis* status. Instead, such litigants must provide a prison account statement, and based on that statement, the court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's

account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).

According to his filings, Patrick O'Donnell is in custody at the Plymouth County Correctional Facility.  Accordingly, if plaintiff, a prisoner, proceeds with this action in federal court, he will eventually be assessed the entire $350.00 filing fee, even if his application to proceed without pre-payment of fees is allowed.

## II.     Plaintiff's Filings

It is not clear from his filings that plaintiff intended to initiate a federal court action.  This matter was opened by the court when plaintiff filed a letter accompanied by several documents.  [#1]  Those documents including an application for criminal complaint and statement of small claim written on forms provided by the Trial Court of Massachusetts.  His cover letter explains that he advised the Plymouth Police Department that he wanted to file a criminal complaint, and that having received no confirmation that something had been done, he is "now filing the complaint [himself] and . . . a small claims complaint too."   *See* Docket No. 1.  It appears from these documents that plaintiff may have intended to file this action in state court, rather than in federal court.

## III.    Jurisdiction

If plaintiff does seek to proceed in federal court, the court must inquire into its own jurisdiction.  *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).   "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal courts are "'courts of limited jurisdiction.'" *Picciotto v. Cont'l Cas. Co.*, 512 F.3d

9, 17 (1st Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994)).  Such courts may adjudicate only those cases authorized by the United States Constitution and by Congress.  *Kokkonen*, 511 U.S. at 377.  "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence."  *Calderon–Serra v. Wilmington Trust Co.,* 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

In order to proceed with this action, plaintiff must demonstrate that there is either (1) federal question jurisdiction, or (2) diversity jurisdiction.  See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  *Baker v. Carr,* 369 U.S. 186, 198, 82 S.Ct. 691, 699–700, 7 L.Ed.2d 663 (1962).  For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be a citizen of a different state from that of each defendant, and the amount in controversy must exceed $75,000.

O'Donnell's letter and accompanying documents do not provide this court with subject matter jurisdiction.  To the extent O'Donnell seeks to assert diversity jurisdiction, plaintiff and defendant reside in Massachusetts and the amount in controversy is not alleged to exceed $75,000.  To the extent O'Donnell seeks to assert jurisdiction based on a federal question, plaintiff has not identified a cause of action under federal law.  No federal question is presented by plaintiff's claim for return of property and no federal statute authorizes him to bring a criminal action in federal court.

**IV.     Conclusion**

Accordingly, action on the application to proceed without pre-payment of fees is deferred. If plaintiff seeks to proceed in federal court, he shall advise the court within thirty-five (35) days of the date of this Memorandum and Order that he so intends, or this action shall be dismissed without prejudice.

If plaintiff notifies the court that he intends to proceed here, his notice shall also demonstrate good cause why this federal court action should not be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

**So ordered.**

                                          /s/ Indira Talwani
                                          Indira Talwani
                                          United States District Judge

Dated:  July 20, 2015