UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PATRICK O'DONNELL,

    **Plaintiff,**

    v.                                  Civil Action No. 15-cv-12343-IT

TAYLA FOSCALDI,

    **Defendant.**

### MEMORANDUM AND ORDER

January 26, 2016

**TALWANI, D.J.**

**I.   Background**

In a previous Memorandum and Order (Docket No. 7), this Court deferred ruling on plaintiff Patrick O'Donnell's application to proceed in federal court without prepaying fees or costs [#6-1], and directed plaintiff to advise the court whether he intended to proceed in federal court, and if so, to show cause within 35 days why this action should not be dismissed for lack of subject-matter jurisdiction.  This Court explained that there was no federal question jurisdiction with respect to his claim for return of property, and there was no diversity jurisdiction without complete diversity of the parties along with an allegation that the amount in controversy exceeded $75,000.00.  Moreover, this Court pointed out that there was no federal authorization for plaintiff to bring a criminal action against the defendant in federal court.

On August 12, 2015, plaintiff filed an Amended Complaint [#11].  Plaintiff's Amended Complaint asserts claims of assault with intent to do bodily harm, character defamation, libel,

slander, and stolen property.  Plaintiff asserts jurisdiction pursuant to 18 U.S.C. § 113, 18 U.S.C. § 2315, and 28 U.S.C. § 4101.

The matter stems from an alleged altercation with the defendant leading to physical contact, followed by plaintiff allegedly being hit by defendant's car.  Additionally, plaintiff alleges that after the incident, the defendant stole his cell phone, logged into his accounts, deleted all his business files and images of his tattoo artwork that he needed for his career as a tattoo artist, and used his identity to slander him.  Plaintiff seeks $25,000.00 in damages.  He also seeks to have an arrest warrant issued against the defendant immediately, and to have the defendant sentenced to a term of imprisonment of three years.

In addition to the Amended Complaint, plaintiff filed a "Motion to Be Transferred, Housed, or 'Remanded' to Another Facility or in the Alternative Allowed [sic] Court Order to be Allowed to Go to General Population" [#9].  Plaintiff also filed a cover letter [#10] along with an Amended Complaint [#11].  Among other things, in his letter, he advised that he expected to be transferred to MCI Cedar Junction shortly.

**II.     Discussion**

    **A.     Lack of Subject Matter Jurisdiction**

As previously explained, the Court lacks subject matter jurisdiction over this action, and plaintiff has failed to show otherwise.  The federal statutes to which plaintiff cites are inapplicable to his claims, which essentially amount to state tort claims.  Further, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332 since plaintiff has not shown that the parties are diverse and that the amount in controversy exceeds $75,000.00 (his stated amount in controversy is $25,000.00).

With respect to plaintiff's request for a criminal warrant to issue against the defendant and for this Court to institute criminal proceedings and sentence the defendant, this Court lacks jurisdiction to grant the requested relief because plaintiff does not have standing to institute a criminal prosecution against another. This is because a private citizen lacks a judicially cognizable interest in the federal prosecution of another. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *accord Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) ("Not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime ..."); *see also Cok v. Consentino*, 876 F.2d 1, 2 (1st Cir. 1989) (same).

Accordingly, for the reasons set forth above, plaintiff has failed to demonstrate this court's subject matter jurisdiction, and this action is DISMISSED in its entirety.

### B. Pending Motions

In view of the dismissal of this action, plaintiff's request for appointment of counsel (contained in his letter [#6], his Motion to Transfer [#9], and his Motion for Leave to Proceed *in forma pauperis* [#6-1] are DENIED.

### III. Conclusion

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* [#6-1] is DENIED.

2. Plaintiff's "Motion to Be Transferred, Housed, or 'Remanded' to Another Facility or in the Alternative Allowed Court Order to be Allowed to Go to General Population" [#9] is DENIED.

3. Plaintiff's request for appointment of counsel (contained in [#6]) is DENIED.

4.     This action is <u>DISMISSED</u> in its entirety.[1]


**SO ORDERED.**
                                             /s/ Indira Talwani
                                             United States District Judge

---

[1] Although plaintiff anticipated that he would be transferred to MCI Cedar Junction, he has not notified this Court of a change of address. In light of this, the Clerk shall send a copy of this Memorandum and Order to plaintiff's last known address at Plymouth County Correctional Facility. See District Court Local Rule 83.5.5(h)(Requirement to Update Addresses, providing that: "[e]very party appearing pro se shall inform the clerk and all parties in writing of any change of name, address, telephone number, or e-mail address within 14 days of the change. It is the responsibility of the pro se party to notify the clerk and the parties of any change. Any notice sent by the clerk or any party to a pro se party shall be deemed delivered and properly served if sent to the most recent address or e-mail address provided by the pro se party.").